**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| WENDY C., | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-CV-193 SRW |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in Support of the Complaint. ECF No. 11. Defendant filed a Brief in Support of the Answer. ECF No. 16. Plaintiff filed a Reply. ECF No. 17. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

## I.    Factual and Procedural Background

On December 22, 2022, Plaintiff Wendy C. protectively filed applications for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. and supplemental security income under Title XVI, 42 U.S.C. §§ 1381, *et seq.*, with an alleged onset date of January 14, 2019.[1] Tr. 14, 239-54. She subsequently amended her onset date to March 31, 2021. Tr. 282. Plaintiff's

---

[1] Plaintiff also filed a Title II application for disabled widow's benefits on December 22, 2022. Tr. 14.

applications were denied upon initial consideration and reconsideration. Tr. 136-50, 153-64. On February 2, 2024, she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 175-76.

Plaintiff appeared for a hearing, with the assistance of counsel, on July 18, 2024. Tr. 35-60. She testified concerning her disability, daily activities, and functional limitations. *Id*. During the hearing, the ALJ received testimony from vocational expert Rebecca Kendrick. *Id*. On September 24, 2024, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 14-28. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 235-36. On September 9, 2025, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Accordingly, the ALJ's decision stands as the Commissioner's final decision.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II.   Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a

3

physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).

Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion."

*Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for

*providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the

claimant's "complete medical history, including arranging for a consultative examination(s) if

necessary, and making every reasonable effort to help [the claimant] get medical reports from

[the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the

ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not

disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work,

the burden of production to show the claimant maintains the RFC to perform work which exists

in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*,

574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an

adjustment to other work which exists in significant numbers in the national economy, the

Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant

cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At

Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of*

*persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision,

the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is

not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it

supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir.

4

2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id.* The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

## III.   The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2021. Tr. 17. The ALJ noted that the Social Security Administration previously established Plaintiff is the unmarried widow of a deceased insured worker who has attained the age of 50. *Id.* Plaintiff met the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act, and the prescribed period for those benefits ended on April 30, 2022. *Id.*

The ALJ determined that Plaintiff has not engaged in substantial gainful activity since March 31, 2021, the amended alleged onset date. *Id.* Plaintiff has the following severe impairments: "degenerative disc disease of the cervical spine; somatic disorder; anxiety disorder; and attention deficit hyperactivity disorder (ADHD)." *Id.* Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 18. The ALJ found Plaintiff had the following RFC through the date last insured:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except that she can only occasionally stoop. The [Plaintiff] is able to complete simple, routine tasks with minimal changes in job duties and setting. She should avoid fast-paced production work and should avoid work with hourly quotas. She is able to interact with supervisors, coworkers, and the general public.

5

Tr. 20.

The ALJ indicated that Plaintiff had no past relevant work. Tr. 27. She was born on August 26, 1966 and was 54 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date. *Id.* Plaintiff subsequently changed age categories to advanced age. *Id.* She has at least a high school education. *Id.* Transferability of job skills is not an issue because Plaintiff does not have past relevant work. *Id.*

Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Such occupations include Cook Helper (*Dictionary of Occupational Titles* ("*DOT*") No. 317.687-010, medium, unskilled) of which there are approximately 224,000 jobs in the national economy and Cleaner II (*DOT* No. 919.687-014, medium, unskilled) of which there are approximately 195,000 jobs in the national economy. *Id.* The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from March 31, 2021 through the date of her decision on September 24, 2024. Tr. 28.

## IV.    Discussion

Plaintiff asserts one assignment of error. She argues the ALJ erred by failing to explain why the RFC did not adopt the limitations identified in the more restrictive "light work" opinion of James Weiss, M.D., a state agency medical consultant. Specifically, Plaintiff faults the ALJ for not discussing the mandatory "supportability" factor and poorly addressing the "consistency" factor when evaluating Dr. Weiss's RFC assessment.

Claims filed after March 27, 2017, like Plaintiff's, require the ALJ to evaluate medical opinions pursuant to 20 C.F.R. § 404.1520c. This provision provides that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those

6

from [Plaintiff's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors; therefore, an ALJ must explain how he or she considered these factors in the decision. 20 C.F.R. § 404.1520c(b)(2). The more relevant the objective medical evidence and supporting explanations presented by a medical source are to *support* his or her medical opinions or prior administrative medical findings, and the more *consistent* medical opinions or prior administrative medical findings are with other medical sources and nonmedical sources, "the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. An ALJ may, but is not required to, explain how he or she considered the remaining factors. *Id*. *See Brian O. v. Comm'r of Soc. Sec.*, 2020 WL 3077009, at *4-5 (N.D.N.Y. June 10, 2020) ("Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still 'articulate how he or she considered the medical opinions' and 'how persuasive he or she finds all of the medical opinions.'") (quoting § 404.1520c(a), (b), alterations omitted). An ALJ must articulate how persuasive he found all medical opinions and prior administrative medical findings in a claimant's case record. § 404.1520c(b).

On August 7, 2023, upon initial review of Plaintiff's application for disability, Dr. Judee Bland, a state agency medical consultant, evaluated the record and determined there was

"insufficient evidence during the time period of 1/1/2019 – 3/31/2021 to find the [Plaintiff] disabled." Tr. 80-81. She was, however, able to formulate an RFC for Plaintiff from December 22, 2022 to December 22, 2023. Tr. 92-94. Dr. Bland opined that Plaintiff could occasionally lift and/or carry up to 50 pounds; frequently lift and/or carry up to 25 pounds; stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday; sit with normal breaks for a total of about 6 hours in an 8-hour workday; never climb ramps, stairs, ladders, ropes, or scaffolds; and frequently stoop, kneel, crouch, or crawl. Tr. 98. She indicated Plaintiff did not have any manipulative, visual, or communicative limitations, and no environmental limitations, except she should avoid exposure to hazards (machinery, heights, etc.). Tr. 92-93. Dr. Bland concluded that Plaintiff was not disabled and could perform medium work. Tr. 96-97.

Approximately three months later, on October 23, 2023, Dr. James Weiss, also a state agency medical consultant, reviewed Plaintiff's application at the reconsideration level. Tr. 111-12, 119-20, 130-134. He found Plaintiff to be capable of performing light work with a stooping limitation, rather than the medium work limitation opined by Dr. Bland. Tr. 130, 134.

In evaluating the medical opinions of Drs. Bland and Weiss, the ALJ wrote, in pertinent part:

> Dr. Judee Bland, M.D., another State agency medical consultant, also reviewed the available records on August 7, 2023 and affirmed Dr. Schell's findings that the record contained insufficient evidence to evaluate the claimant's physical impairments at the time of the date last insured on March 31, 2021. At the time of her review, however, Dr. Bland concluded that the claimant could perform medium work with frequent stooping, kneeling, crouching, and crawling but no climbing or exposure to hazards. James Weiss, M.D., another State agency medical consultant, also reviewed the available records on October 23, 2023 and also found insufficient evidence for the date last insured in March 2021. At the time of his review, Dr. Weiss found the claimant could perform light work with frequent stooping and no other limitations. The undersigned considered the consultants' findings and determined that they are partially unpersuasive. First, the assessments of insufficient evidence at the time of the date last insured, which is also the amended onset date, are unpersuasive given the evidence available from that time in 2021 that documents a history of medically determinable

8

> physical impairments. As for the conclusions from Dr. Weiss that the claimant would be limited to light work, exams documented normal findings with only slight global weakness with normal gait and dexterity. Overall, these findings appear more consistent with Dr. Bland's assessment of medium work, though the limited decrease in range of motion does not appear consistent with all of the postural and nonexertional limitations he suggested. Accordingly, his findings appear only partially persuasive during the relevant period.

Tr. 24 (citations to the record omitted).

Plaintiff argues the ALJ failed to adequately address the conflict between Dr. Bland's opinion that she can perform medium work and Dr. Weiss's opinion that she can only perform light work. ECF No. 11 at 3. Additionally, Plaintiff complains that the ALJ "failed to address the required 'supportability' factor in her analysis and the ALJ's conclusion regarding 'consistency' was poorly supported and contradicted the record as a whole." *Id.* at 4.

The Court finds that Plaintiff is correct that the decision entirely fails to address the supportability of Dr. Weiss's opinion, which alone requires remand. *Bonnett v. Kijakazi*, No. 21-1619, 859 F. App'x 19 (8th Cir. 2021, September 20, 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in regulation, as failure to comply with opinion-evaluation regulation was legal error)); *Marrero o/b/o K.M. v. Kijakazi*, 2023 WL 7155577, at *4 (E.D. Mo. Oct. 31, 2023) (reversing and remanding where ALJ's persuasiveness analysis as to State agency consultant's opinions failed to demonstrate "whether and to what extent the opinions themselves are supported"); *Justin V. v. Bisignano*, 2025 WL 2495056, at *5 (E.D. Mo. Aug. 29, 2025) (same); *Starman v. Kijakazi*, 2021 WL 4459729, at *3 (E.D. Mo. Sept. 29, 2021) (same). Supportability includes, "for example, the relevancy of the objective medical evidence relied on in the opinions, the supporting explanations for the findings, or the form of the opinions." *Justin V.*, 2025 WL 2495056, at *5.

9

In the Court's independent review of the opinions articulated by Drs. Bland and Weiss, both physicians listed the medical records they reviewed in order to formulate their RFCs. *See* 93-94, 130-32. The ALJ, however, offered no discussion of the relevancy of those records or how the state agent consultants analyzed them to formulate their RFC opinions. As such, the Court is unable to evaluate whether the ALJ appropriately considered the supportability factor when determining their persuasiveness. *See, e.g., Johnson v. O'Malley*, 2024 WL 1328250, at *4 (E.D. Mo. Mar. 28, 2024) ("While the ALJ mentions that the medical opinions include a narrative, summary of the evidence, and citations to the record, the Court has reservations as to whether this conclusory statement adequately explains and articulates how the opinions are supported. The ALJ's statement lacks any explanation as to the particulars of those opinions.").

The Commissioner attempts to argue that the ALJ did discuss supportability by including this sentence: "the assessments of insufficient evidence at the time of the date last insured, which is also the amended onset date, are unpersuasive given the evidence available from that time in 2021 that documents a history of medically determinable physical impairments." Tr. 24. The ALJ, however, is completely silent as to the supportability of the medical records from December 22, 2022 to December 22, 2023, which both state agent consultants used to formulate their RFC assessments. Accordingly, the Court reverses and remands this matter, and instructs the ALJ to consider the supportability factor in assessing the persuasiveness of Drs. Bland and Weiss's RFC opinions under 20 C.F.R. § 416.920c(c)(1).

As the decision is remanded, the Court will not reach Plaintiff's remaining arguments. *See, e.g., Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *Berry v. Kijakazi*, 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) ("Because remand is required, the Court does not address all of Plaintiff's arguments.").

10

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is

**REVERSED** and that this case is **REMANDED** under 42 U.S.C. 1383(c)(3) and Sentence Four

of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

So Ordered this 25th day of June, 2026.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

11